IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES D. ADAMS
    Petitioner,

vs.                                         CASE NO.: 3:09cv214/LAC/MD

KENNETH S. TUCKER,
    Respondent.[1]
_____

## REPORT AND RECOMMENDATION

This case is before the court on James D. Adams' ("Mr. Adams") petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer and relevant portions of the state court record (doc. 13). Mr. Adams then filed a response (doc. 16). The matter was referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Adams is not entitled to relief, and the petition should be denied.

---

[1] Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as respondent.

Case 3:09-cv-00214-LC-MD   Document 30   Filed 01/17/12   Page 2 of 15

Page 2 of 15

## BACKGROUND AND PROCEDURAL HISTORY

Mr. Adams was charged with trafficking in amphetamine or methamphetamine (28 grams or more, less than 200 grams), unlawful possession of listed chemical, possession of controlled substance (less than 20 grams of cannabis), and possession of drug paraphernalia in case number 2005-CF-000019A in the Circuit Court of Walton County, Florida, in violation of Sections 893.135, 893.149, 893.13 and 893.147, Florida Statutes (doc. 13-2, ex. A).[2]  On July 6, 2005, Mr. Adams filed a motion to suppress all evidence against him alleging that the search and seizure was illegal under the Fourth Amendment of the U.S. and Florida Constitutions (ex. B, pp. 1-3).  The trial court denied the motion at the conclusion of the suppression hearing after taking testimony from the investigative officer James Lorenz ("Officer Lorenz") (ex. B, pp. 5-6).  On September 12, 2005, Mr. Adams entered into plea agreement whereby he plead nolo contendere to all charges (ex. D), but at the plea and sentence hearing he reserved his rights to appeal the denial of the motion to suppress (ex. E, p. 7).  The court adjudicated him guilty under Florida law, and sentenced him to a term of 7 years imprisonment with 159 days of credit time (ex. F).

On February 29, 2008, Mr. Adams appealed the denial of his motion to suppress to the First District Court of Appeal ("First DCA") (ex. G).  The state responded on March 26, 2008 (ex. H).  On October 3, 2008, the First DCA *per curiam* affirmed without a written opinion. *Adams v. State of Florida*, 993 So. 2d 515 (Fla. 1st DCA 2008) (Table) (ex. I).

On May 19, 2009, Mr. Adams filed the instant petition for writ of habeas corpus (doc. 1).  A response was filed in opposition (doc. 13) and Mr. Adams replied (doc. 16).  Respondent concedes that the petition is timely (doc. 13, p. 6).

---

[2] Hereinafter all references to exhibits will be to doc. 13-2.

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  In relevant part, Section 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[3]  Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[3]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

*Case No. 3:09cv214/LC/MD*

*Id.* at 412–13 (O'Connor, J., concurring). The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim." *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111 (2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling. *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010). Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005); *see* 28 U.S.C. § 2254(d)(1). The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it. *Williams*, 529 U.S. at 409; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400 (2011) (holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam)). A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141. However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles*, 556 U.S. at 261. Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination. *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003) (dictum). Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the

presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. *Id.* at 1288-89. Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[4] *Id.* at 1288. The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning." *Id.* at 1286.[5]

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference. *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never

---

[4] Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel. *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI. The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent. *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835 (1975) (accused must "knowingly and intelligently" waive representation). The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy. *Gill,* 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief. *Id.* at 1284-85. Mr. Gill then filed a petition in federal court, which the district court denied with prejudice. *Id.*

[5] The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues. First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court." *Gill*, 633 F.3d at 1288. Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make." *Id.* Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel. *Id.*

*Case No. 3:09cv214/LC/MD*

squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit in *Gill* concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45). In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*[6]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id.* at 1292. A federal habeas court can consider the full record before it in order to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

---

[6] Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

*Harrington,* 131 S. Ct. at 786. Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion." *Id.* (internal quotations omitted)

The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 953-54 (2007). The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010). The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

### Deference to state court findings of fact

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable. *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); *Callahan v. Hall*, 427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief

where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'").  Under the AEDPA, the state court does not have to explicitly state its findings of fact.  *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.  *Id.*  These implicit findings are entitled to deference.  *Id.*  As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory.  *Early*, 537 U.S. at 8.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.  *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue."  *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (quoting *Coleman*, 501 U.S. at 740) (the *Harris* presumption only applies after the habeas court determines that "'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")

# PETITIONER'S GROUND FOR RELIEF

### Violation of Fourth Amendment of the U.S. Constitution[7]

Mr. Adams alleges that the search warrant obtained to enter his property lacked probable cause because it was based on false information provided by an informant. The informant alleged that Mr. Adams was involved in a burglary, which later proved to be false. Mr. Adams explains that within 24 to 48 hours after the warrant was executed, Officer Lorenz found out that the informant had lied about Mr. Adams' involvement in the burglary. Therefore, he contends that the informant had not been established as a reliable source of information, and that the affidavit by Officer Lorenz contained false or misleading information, as well as omissions.

Mr. Adams stresses that Officer Lorenz testified at the hearing and admitted that the informant had lied in the initial interview. He argues that the warrant should not have been issued because Officer Lorenz, the affiant for the search warrant, lacked personal knowledge concerning the informant and the veracity of the information provided by the informant. He further asserts that the search warrant or affidavit by Officer Lorenz did not mention methamphetamine. Mr. Adams concludes that since the reliability of the informant was not established in the affidavit, then there was no probable cause for the search warrant, and the evidence obtained in the search should have been suppressed.

---

[7] In his petition, Mr. Adams lists violations of the Fifth, Sixth and Fourteenth Amendment of the U.S. Constitution and Article 1, Sections 2, 9, 12, 16 and 21 of the Florida Constitution, Due Process and Ineffective Assistance of Appellate Counsel, but fails to address any of these in his argument section (doc. 1, pp. 3-4). In Mr. Adams' Reply (doc. 16) he only refers to a violation of his Fourth Amendment. After review of his argument it is clear that the only violation Mr. Adams seeks to pursue is the Fourth Amendment violation, which was the issue of his appeal before the First DCA.

*Case No. 3:09cv214/LC/MD*

**State Court Decision**

The First DCA *per curiam* affirmed the trial court's denial to suppress the evidence without issuing an opinion.

**Federal Review of State Court Decision**

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion." *Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

The Fourth Amendment[8] entitles a person the right to be free from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1 (1968). Mr. Adams challenges the search warrant executed to obtain the evidence that supports his conviction. He raised these same arguments before the trial court at the suppression hearing and then on direct appeal to the First DCA. "These opportunities for full and fair litigation of [F]ourth [A]mendment challenges clearly suffice to bar a federal court from reexamining those claims in a federal habeas corpus proceeding" under *Stone v. Powell*, 428 U.S. 465 (1976). *Williams v. Brown*, 609 F.2d 216, 218 (5th Cir. 1980)[9] (citing *Brown v. Wainwright*, 576 F.2d 1148, 1149 (5th Cir. 1978); *O'Berry v. Wainwright*, 546 F.2d 1204, 1209-14 (5th Cir. 1977), cert. denied, 433 U.S. 911 (1977)).

---

[8]"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV.

[9]Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

"In *Stone*, the Court reasoned that, so long as a defendant had the opportunity to present his Fourth Amendment claims to the state trial and appellate courts, the objectives of the exclusionary rule have been satisfied." *Bradley v. Nagle*, 212 F.3d 559, 564-65 (11th Cir. 2000); *see also Graves v. Estelle*, 556 F.2d 743 (5th Cir. 1977) (Federal district court presented with state prisoner's habeas corpus petition may not review correctness of state court decision not to exclude evidence allegedly obtained in violation of Fourth Amendment, but may only reach merits of that claim if it determines that state has not provided petitioner opportunity for full and fair litigation of that claim.)

Mr. Adams had a hearing at which Officer Lorenz testified, and the search warrant, its affidavit, and the pertinent case law was discussed at length before the trial court denied the motion to suppress. The trial court made findings of fact throughout the hearing and concluded that despite the affidavit containing untrue facts, there was "enough that has been substantiated and based upon the case law cited, the motion to suppress will be denied." Ex. C, p. 42. The trial court cited *Terry v. State*, 668 So. 2d 954 (Fla. 1996), reasoning that if false statements are removed from an arrest warrant's affidavit and "if the remaining statements are sufficient to establish probable cause, [then] the false statement would not invalidate the resulting search warrant." Ex. C, p. 26. The court continued "[t]hat seems like that's pretty much what we have got here. . ." *Id.* The trial court determined that since Officer Lorenz was looking for stolen guns, and the affidavit contained sufficient facts to support that the guns were at Mr. Adams' house (had been seen by the informant within five days of the issuance of the warrant), then there was sufficient probable cause for a search warrant[10]. *Id.* at 39-40.

---

[10] The stolen guns were found at Mr. Adams home, but the charges brought against him relate to a meth lab that he was running from the residence.

*Case No. 3:09cv214/LC/MD*

In light of the trial court's careful consideration and explicit findings on the Fourth Amendment issue and the appellate review of the Fourth Amendment issue by the First DCA, the undersigned concludes Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim, in satisfaction of *Stone*. See, e.g., *Anderson v. Crist*, 2006 WL 2709277, at *2, 15 (N.D. Fla. Sept. 15, 2006) (unpublished). Since federal habeas review of Mr. Adams' Fourth Amendment claim is unavailable, the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the motion to suppress, suppression hearing transcript, post-conviction motions, orders, records on appeal, and all submissions in this proceeding. Mr. Adams' claim is barred from federal habeas review. Consequently, Mr. Adams is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Adams* in the Circuit Court of Walton County, Florida, case no. 2005-CF-000019A, be DENIED and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida, this 17th day of January, 2012.

/s/ *Miles Davis*
      MILES DAVIS
      UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties</u>.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**